

IN MONTGOMERY COUNTY CIRCUIT COURT, MARYLAND

ERIC WANG,
38 Maryland Avenue,
Unit 515
Rockville, MD 20850
(202) 681-7622 tel.

*Plaintiff*,

v.

CITY OF ROCKVILLE,
111 Maryland Avenue
Rockville, MD 20850

Resident Agent:

Kathleen A. Conway
Rockville City Clerk
111 Maryland Avenue
Rockville, MD 20850

*Defendant*.

CASE NO.

**COMPLAINT**

Pursuant to Md. Code, Gen. Prov. § 4-362(a), Plaintiff Eric Wang files this Complaint against Defendant City of Rockville to obtain public documents that are required under Maryland law to be provided at no cost because they are to be used for the public interest. Plaintiff states as follows:

**PARTIES**

1. Plaintiff is a resident of the City of Rockville and a passionate advocate for civil rights, civil liberties, and limited government. He is a prolific writer, with 59 opinion articles published over the past decade, including in the *Washington Post*, *USA Today*, *Politico*, *Roll*

*Call*, *The Hill*, and other national and state publications. Ex. A. Plaintiff has never received any compensation for his articles.

2. Defendant City of Rockville ("the City") is a municipal corporation under Maryland law, with the power to sue and be sued under Md. Code, Local Gov't § 4-103.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction pursuant to Md. Code, Cts. & Jud. Proc. § 1-501 and Gen. Prov. § 4-362(a)(1). The Court has personal jurisdiction over Defendant pursuant to Md. Code, Cts. & Jud. Proc. §§ 6-102 and -103(b). Venue in this Court is proper pursuant to Md. Code, Cts. & Jud. Proc. § 6-201 and Gen. Prov. § 4-362(a)(3).

**NATURE OF THE ACTION**

4. This case involves a challenge to the City of Rockville's failure to comply with the Maryland Public Information Act, Md. Code, Gen. Prov. § 4-101 *et seq.* ("MPIA"). Specifically, the City wrongfully denied Plaintiff's request for a fee waiver in furtherance of the public interest in connection with Plaintiff's MPIA request for City documents. The requested documents are important to the public's understanding of a major City law enforcement program that impacts area motorists and all City taxpayers.

5. Specifically, Plaintiff's MPIA request sought documents related to the City's installation and operation of "traffic control signal monitoring systems" (commonly known as "red-light cameras") and "speed monitoring systems" (commonly known as "speed cameras"), as described in Md. Code, Transp. §§ 21-202.1 and -809, respectively, at numerous locations within City limits.

6. According to the City's FY 2017 budget, in FY 2017, the City's speed cameras are projected to generate $1.515 million in revenue, while the City's red-light cameras are projected to generate another $1.25 million.

7. According to the City's latest proposed FY 2018 budget, in FY 2018, the City's speed cameras are projected to generate $1.4 million in revenue, while the City's red-light cameras are projected to generate another $1.23 million.

8. Despite these revenues, the City's FY 2017 budget raised the prospect that the speed camera program may not be able to pay for itself through penalties exacted from drivers and motor vehicle owners, and may require "a taxpayer subsidy." The City's latest FY 2018 budget indicates the City has resorted to an accounting gimmick to offload some of the speed camera program's administrative personnel costs to the City's general budget. This accounting gimmick obfuscates the fact that the program now requires "a taxpayer subsidy."

9. The documents posted on the City's website are insufficient to provide the public with a complete understanding of the speed camera and red-light camera programs.

10. The deployment of speed and red-light cameras in Maryland is an issue of great public interest.

11. Plaintiff is a City resident and a prolific writer. Plaintiff requested a fee waiver pursuant to Md. Code, Gen. Prov. § 4-206(e)(2)(ii) for his MPIA request for the purpose of writing an opinion article on the City's speed camera and red-light camera programs, and to publicly disseminate the requested documents to enhance public understanding of these City programs.

12. The City has denied Plaintiff's fee waiver request, twice offering conclusory statements and providing no explanation for the denial.

**ALLEGATIONS**

13. Plaintiff submitted the MPIA request at issue in this matter on May 4, 2017. Ex. B. The request sought documents related to the City's speed camera and red-light camera programs, and was the result of discussions with the City's designated MPIA coordinator to narrow the scope of the request, to minimize burdens on the City, and to ensure that Plaintiff sought only the documents most relevant to Plaintiff's needs.

14. On May 19, 2017, City personnel informed Plaintiff that the City was seeking a $150.25 charge for the requested documents.

15. On May 21, 2017, Plaintiff requested a fee waiver pursuant to Md. Code, Gen. Prov. § 4-206(e)(2)(ii). Ex. C.

16. Specifically, Plaintiff stated that: (i) Plaintiff was not requesting the documents for any personal, private, or commercial purpose; (ii) Plaintiff is a prolific and published writer; (iii) Plaintiff would use the requested documents to write an opinion article about the City's speed camera and red-light camera programs; (iv) Plaintiff outlined several (but not, by any means, all of the) points he would make about these City programs in his opinion article; and (iv) Plaintiff would provide the requested documents to the Maryland Drivers Alliance website to further disseminate the documents to the public.

17. The City responded on May 26, 2017 to Plaintiff's fee waiver request with the conclusory statement that "The City is not granting your request to waive fees for the records, as the request is not in the public interest." Ex. D.

18. On May 30, 2017, Plaintiff asked the City to explain the basis for its denial of Plaintiff's request. *Id.*

19. On June 1, 2017, the City responded again with a conclusory statement that "The City evaluated your fee waiver request and the reasons you provided for requesting a fee waiver. The City does not find that the reasons you offered are in the public interest and does not believe that a waiver is in order." *Id.*

20. Upon information and belief, the City has mistaken the interests of City officials with the public interest, and denied Plaintiff's fee waiver request in furtherance of the interests of the former instead of the latter.

21. Upon information and belief, the City denied Plaintiff's fee waiver request because of the City's animus against Plaintiff's viewpoint and Plaintiff's expressed intention to use the requested documents in a manner critical of certain City government programs.

22. The MPIA, Md. Code, Gen. Prov. § 4-206(e)(2)(ii), provides that fees associated with document requests are to be waived if the documents are being sought "in the public interest."

23. Under the MPIA and relevant precedents, a governmental entity will be found to have acted arbitrarily and capriciously and contrary to law if it denies a fee waiver request by only considering the requester's ability to pay or the expense to the agency.

24. The MPIA, Md. Code, Gen. Prov. § 4-103(b), requires public agencies to provide requested records "with the least cost . . . to the person . . . that requests the inspection."

25. Under the MPIA and relevant precedents, the MPIA's fee waiver provision must be "liberally construed in favor of the media or other requesters who will provide broad public dissemination of the information sought."

26. Under the MPIA and relevant precedents, a fee waiver should be granted where the requested documents "concern[] one of the City's major financial undertakings."

27. Under the MPIA and relevant precedents, a fee waiver should be granted on "the potential that the requested disclosure would contribute to public understanding" and the likelihood that the requested materials will "contribute significantly to public understanding of government operations or activities."

28. Under the MPIA and relevant precedents, a governmental entity's denial of a fee waiver request may not be sustained on a "bald and conclusory statement [that] provides no insight whatsoever as to the actual considerations that motivated the [entity] to deny the request."

29. Under the MPIA and relevant precedents, the First Amendment of the United States Constitution, and Art. 40 of the Maryland Constitution's Declaration of Rights, a governmental entity may not deny a fee waiver request "based upon the content of [the requester's] speech."

**COUNT I**
**VIOLATION OF MARYLAND PUBLIC INFORMATION ACT**

30. Plaintiff incorporates ¶¶ 1 through 29.

31. Plaintiff filed a public information request for City documents related to the City's speed camera and red-light camera programs for the purpose of disseminating these documents and information about these programs to the public.

32. Plaintiff requested a fee waiver on the grounds that the documents were being sought in the public interest.

33. The City violated the MPIA by wrongfully denying Plaintiff's fee waiver request.

34. Plaintiff has been damaged as a result of the City's actions.

**COUNT II**
**VIOLATION OF THE UNITED STATES AND MARYLAND CONSTITUTIONS**

35. Plaintiff incorporates ¶¶ 1 through 29.

36. Plaintiff filed a public information request for City documents related to the City's speed camera and red-light camera programs for the purpose of criticizing these programs.

37. Plaintiff requested a fee waiver on the grounds that the documents were being sought in the public interest.

38. The City's denial of Plaintiff's fee waiver request constitutes viewpoint discrimination in violation of the First Amendment of the U.S. Constitution and Art. 40 of the Maryland Constitution's Declaration of Rights.

39. Plaintiff has been damaged as a result of the City's actions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Order the City to provide the documents requested in Plaintiff's MPIA request;

2. Order the City to grant Plaintiff's fee waiver request;

3. Enjoin the City from requesting further fees to respond to Plaintiff's MPIA requests for other documents related to the City's speed camera and red-light camera programs for Plaintiff's writing and public education activities;

4. Award damages of $1,000 to Plaintiff, as provided for in the MPIA, Md. Code, Gen. Prov. § 4-362(d)(3).

5. Order the City to "take the disciplinary action that the circumstances warrant" against the City personnel responsible for denying Plaintiff's fee waiver request, as provided for in the MPIA, Md. Code, Gen. Prov. § 4-362(e);

6. Grant Plaintiff attorneys' fees and costs as permitted under the MPIA, Md. Code, Gen. Prov. § 4-362(f);

7. Order such further relief as the Court deems just and proper.

Respectfully submitted,

Eric Wang
*Proceeding pro se in Maryland*
(Va. Bar No. 73511, D.C. Bar No. 974038)
38 Maryland Avenue, Unit 515
Rockville, MD 20850
Tel: (202) 681-7622
E-mail: 11cfrlaw@gmail.com

June 12, 2017