


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC WANG,

Plaintiff,

v.

CITY OF ROCKVILLE,

Defendant,

Case No. 8:17-cv-02131-GJH
Judge George J. Hazel

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTIVE RELIEF**[1]

The City's Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment (the "City's Opposition," Doc 16) is an exercise in overstatements, misstatements, and contradictions. These defects are fatal, as they demonstrate the arguments presented in the City's briefs are *post hoc* justifications (and poor ones at that) for the City's denial of Plaintiff's MPIA fee-waiver request. Plaintiff therefore is entitled to summary judgment and permanent injunctive relief on Count I.

**I. The City's Discretion in Denying MPIA Fee Waiver Requests Is Constrained by How Maryland Courts Have Construed The Law.**

The City grossly overstates "Plaintiff's position that the City had no discretion at all in this matter, and that it was under a legal obligation to accept, and be bound by, the Plaintiff's" assertion that he was entitled to the requested MPIA fee waiver in the public interest. City's Opposition (Doc 16) at 1. That is not so. Plaintiff merely contends that: (1) the City does not have unbridled discretion in denying MPIA fee waiver requests; and (2) the City, as evidenced

[1] *See* LCvR 105(2)(c).

by its actions and representations, did not have a cogent or lawful justification for denying Plaintiff's request.

**II. The City's Contradiction on the Importance of a Requester's Ability to Pay Demonstrates Arbitrary and Capricious Action.**

In support of its Motion for Summary Judgment, the City contended that: (1) "[a]bility to pay is . . . clearly a highly relevant factor under the MPIA" in determining whether to grant a fee waiver in the public interest, City's MSJ Brief (Doc 13-1) at 10; (2) "Defendant submits that the analysis must *begin* with Plaintiff's ability to pay the $150.25 fee assessed, because that is the only relevant factor specifically articulated by the statute," *id.* at 15 (emphasis added);[2] and (3) "[*i*]*n addition to* the obvious ability to pay the small fee at issue, Defendant considered other relevant factors . . . ," *id.* at 17 (emphasis added). As Plaintiff has noted, the City devoted approximately 10 or more of the 13 pages of legal argument in its last brief to the paramount importance of a requester's ability to pay when weighing a fee waiver in the public interest. Plaintiff's MSJ Brief (Doc 15) at 3; City's MSJ Brief (Doc 13-1) at 6-18.

Now, the City contends: (1) the Deputy City Attorney's evaluation of Plaintiff's fee waiver request *began* with her consideration of whether Plaintiff was a blogger, journalist, or a representative of the news media, and whether the requested documents would be disseminated to the public; and (2) only *after* considering these factors did she "*further conclude*[] that, given the small amount of money at issue and the fact that Plaintiff said nothing about any inability to

---

[2] The City falsely accuses Plaintiff of "conced[ing] . . . that the only relevant fee waiver factor actually specified in [the MPIA] is the applicant's ability to pay the requested fee." City's Opposition (Doc 16) at 2. In fact, Plaintiff maintained "the statute also commands a governmental agency to consider 'other relevant factors.'" Plaintiff's MSJ Brief (Doc 15) at 4.

pay," it was proper to deny Plaintiff's request. City's Opposition (Doc 16) at 4-5 (emphasis added).[3]

The City's "road to Damascus" conversion – *i.e.*, its relegation now of ability to pay to a secondary factor under the MPIA's public interest fee waiver requirement – is welcome, and also is consistent with how the Maryland Court of Special Appeals has interpreted and applied the MPIA. *See Action Comm. for Transit, Inc. v. Town of Chevy Chase* ("*ACT*"), 229 Md. App. 540, 557 (2016); *Mayor and City Council of Baltimore v. Burke*, 67 Md. App. 147, 157 (1986); *Short v. Bishop*, 2016 WL 916429 (Md. App. Mar. 9, 2016) at *7.[4] But this is not simply a matter of the City presenting alternative litigation arguments. *See* Fed. R. Civ. Proc. R. 8(d)(2). Rather, the City's inconsistent explanations of the importance this factor played in its denial of Plaintiff's request demonstrate the City did not have a cogent legal rationale for its action at the time (and still does not). Therefore, the City fails the "arbitrary and capricious" doctrine it contends is the proper standard for judicial review here. *See, e.g.*, *Watt v. Alaska*, 451 U.S. 259, 273 (1981) ("[t]he [agency's'] current interpretation [of the statute], being in conflict with its initial position, is entitled to considerably less deference. In these cases, we find it wholly unpersuasive.") (internal citations omitted); *see also Public Citizen, Inc. v. Lew*, 127 F. Supp. 2d 1, 10 (D.D.C., 2000) ("As a general rule, agency 'litigating positions' are not entitled to deference when they merely represent counsel's 'post hoc rationalizations' of agency conduct").

---

[3] The City still has not explained what weight the Deputy City Attorney's recommendation played in the City's ultimate denial of Plaintiff's request, or what the reasons were of the other City employees involved in denying the request.

[4] As noted previously, Plaintiff's MSJ Brief (Doc 15) at 5 n.1, Plaintiff still does not necessarily agree with the City's reliance on this unpublished opinion, but cites it here to the extent the City's Opposition (Doc 16), at 2-3, continues to rely on it.

Relatedly, the City continues to urge this Court to misread the three Maryland authorities cited above for the proposition that a fee waiver was granted "in each of the cited cases [because of] the substantial fee involved." City's Opposition (Doc 16) at 3. As Plaintiff has explained, Plaintiff's MSJ Brief (Doc 15) at 5, the fee amounts at issue were *not* a material factor in the reasoning and holdings of those cases. The City's alternative caselaw would reward requesters of document productions that impose a heavy burden on government officials and employees, while penalizing requesters such as Plaintiff, whom the City concedes worked in good faith with City staff to narrow the scope of his request and burden on the City. City's Opposition (Doc 16) at 4. Moreover, where, as here, the City gave short shrift to Plaintiff's fee waiver request, it strains credulity to believe the City would give any more serious consideration to a fee waiver request where the fee is $879, $1,000, or $50,000, as was the case in *ACT*, *Short*, and *Burke*, respectively. *ACT*, 229 Md. App. at 549; *Short*, 2016 WL 916429 at *2; *Burke*, 506 A.2d at 149.

**III. The City's Consideration of Relevant Factors Was Arbitrary and Capricious.**

While the City continues to distinguish between the MPIA and the FOIA, the City now resorts to federal FOIA law to justify its denial of Plaintiff's MPIA fee waiver request under the relevant factors other than ability to pay. *Compare* City's Opposition (Doc 16) at 3 with *id.* at 4-5; *see also* City's MSJ Brief (Doc 13-1) at 9 (contending "there are many important differences in general structure and specific provisions" between the MPIA and FOIA). But the City has badly misconstrued one of those FOIA authorities, and the other is easily distinguishable. In any event, both of the City's federal authorities are irrelevant given the more applicable Maryland authorities the City concedes (where convenient) govern here.

Addressing the City's second FOIA authority first: The City purports to find support in *Judicial Watch, Inc. v. U.S. Dept. of Justice,* 122 F. Supp. 2d 13, 20-21 (D.C. Cir. 2000), for

the Deputy City Attorney's "reasonabl[e] conclu[sion]" that Plaintiff was not entitled to the fee waiver because "Plaintiff did not claim to be a blogger, a journalist, or a representative of the news media, and simply stated that he intended to submit the records he obtained to the Maryland Drivers Alliance in the hope that it would disseminate them." City's Opposition (Doc 16) at 5. (More on the City's contradiction and misstatement of Plaintiff's request shortly.) According to the City, *Judicial Watch* held that the government "did not act arbitrarily or capriciously in categorizing requester as not being a representative of the news media *for FOIA fee waiver purposes* [where] requester identified itself as a public interest law firm rather than an entity organized and operated to disseminate news, and it simply promised to make information available to the public, rather than detailing plans for articles, reports, or books." *Id.* at 5 (emphasis added).

However, the section the City cites from *Judicial Watch* actually addresses a completely different issue – FOIA's "fee *category*" provision. *Compare* 122 F. Supp. 2d at 20-21 and 15 n.11 (addressing FOIA's "fee *category*" provision, 5 U.S.C. § 552(a)(4)(A)(ii)) with *id.* at 16-20 and 15 n.12 (addressing FOIA's public interest "fee *waiver*" provision, 5 U.S.C. § 552(a)(4)(A)(iii)). The distinction is crucial, especially in this case: While a requester's status as a representative of the news media is one of the specific FOIA "fee *categories*" for determining how much an agency may charge requesters, it is not a factor at all for FOIA "fee *waiver*" purposes. *Compare* 5 U.S.C. § 552(a)(4)(A)(ii)) with (iii). In short, the City has completely misconstrued its cited authority for a rationale the City purports it relied on in denying Plaintiff's fee waiver request. Certainly, a reviewing court cannot sustain governmental action on this basis.

The City also purports that Plaintiff "simply stated" he intended to share the requested documents with the Maryland Drivers Alliance ("MDA") website, while subsequently conceding that Plaintiff also requested the documents to write an opinion piece. City's Opposition (Doc 16) at 4. Putting aside this disingenuous contradiction, the City also cites to *National Security Counselors v. U.S. Dept. of Justice*, 848 F.3d 467, 473-74 (D.C. Cir. 2017), in which the D.C. Circuit upheld an agency's denial of a public interest fee waiver request. As the City characterizes the decision:

> [the requester] did not demonstrate that it would effectively disseminate requested documents in furtherance of public's understanding of governmental operation, and thus it was not entitled to waiver of fees; its website appeared to be no more than a clearing house for records received through FOIA, it did not appear to be actively engaged in gathering information to produce original publications, and it produced no information about size of its audience or amount of traffic received by its website.

City's Opposition (Doc 16) at 4-5.

Here, at least the City does not completely mischaracterize *National Security Counselors*, but the facts of the case that the City omits still make it distinguishable. At issue in *National Security Counselors* was a request for records from which "raw statistical data [would be] mined," and where the requester "neither identified a discernable audience for the disclosures in their raw form nor demonstrated its possession of the requisite scientific or technical sophistication to analyze and convey the data in a more broadly digestible form." 848 F.3d at 474. Under those circumstances, the agency's and court's skepticism of the requester's public interest fee waiver request arguably was justified, but those are not the facts here.

Plaintiff made it clear in his fee waiver request that he intended to use the requested documents to write an opinion article. City's MSJ Brief, Exh. C (Doc 13-11). While the City contends "Plaintiff did not claim to be a blogger, a journalist, or a representative of the news

media," City's Opposition (Doc 16) at 4, that is inaccurate: Plaintiff acknowledged he was "not a *professional* journalist" by employment, City's MSJ Brief, Exh. C (Doc 13-11) (emphasis added), but represented that he had been published extensively over the past decade in major national and state publications. This makes Plaintiff similarly situated in all material respects to the requester in *ACT*, who also apparently was a freelance writer and did not represent that his request was on behalf of any specific employer or publication. 229 Md. App. at 550.

Moreover, unlike the "clearing house for records" at issue in *National Security Counselors*, City's Opposition (Doc 16) at 4 (City's characterization of the case facts), the MDA website that Plaintiff represented he would share the requested documents with exclusively produces original content and analysis. *See* MDA, at http://www.mddriversalliance.org/. On this point, the City protests that the Plaintiff's position would require the City "to conduct discovery or otherwise search out information that would support the Plaintiff's position." City's Opposition (Doc 16) at 2. But the City clearly "[i]nspect[ed]" the MDA website for this litigation. City's MSJ Brief (Doc 13-1) at 17. Surely it is not a stretch to surmise the City also inspected the MDA website upon receiving Plaintiff's fee waiver request, and easily would have seen that the website would "disseminate the [requested] records to a reasonably broad audience of persons interested in the subject." *National Security Counselors*, 848 F.3d at 474 (quoting *Cause of Action v. Fed. Trade Comm'n*, 799 F.3d 1108, 1116 (D.C. Cir. 2015)).

And just to be clear: Plaintiff does not contend the City was required to "conduct discovery" in connection with Plaintiff's request. As the City concedes, Plaintiff invited City staff to discuss their reasons for denying Plaintiff's request. City's MSJ Brief (Doc 13-1) at 5. Had the City wished to clarify any of the ample justifications Plaintiff submitted in support of

his request, Plaintiff certainly would have provided that additional information absent any "discovery." The City's conclusory and terse refusal to engage with Plaintiff on his request shows the City simply was not interested in seriously considering the request. *See* City's MSJ Brief, Exh. D (Doc 13-12). In other words, the City's denial was arbitrary and capricious.

At the end of the day, this matter involves the proper interpretation and application of the MPIA – not the FOIA, and so the City's FOIA authorities do not apply. The Maryland Court of Special Appeals has not required requests for MPIA fee waivers in the public interest to explain in detail the "size of [a requester's] audience or amount of traffic received by its website," or to "detail[] plans for articles, reports, or books." *Compare* City's Opposition, Doc 16 at 5 (characterizing *National Security Counselors*, 848 F.3d 467 and *Judicial Watch*, 122 F. Supp. 2d 13) with *ACT*, 229 Md. App. 540; *Burke*, 67 Md. App. 147; *Short*, 2016 WL 916429. Where the Maryland court has spoken clearly and repeatedly on the MPIA requirement at issue here, this Court should decline the City's invitation to follow federal FOIA authorities (especially one of which the City has completely misconstrued). *Strauss v. Peninsula Regional Med. Ctr.*, 916 F. Supp. 528, 544 (D. Md. 1996).

**IV. Permanent Injunctive Relief on Count I Is Appropriate.**

Scoff as the City may, Plaintiff is entitled to permanent injunctive relief on Count I. The City continues to maintain that it will not provide the requested documents unless Plaintiff pays the requested fee. City's Opposition (Doc 16) at 6. But the lawfulness of the City's denial of Plaintiff's fee waiver request is the exclusive and entire issue on trial here. Therefore, Plaintiff of course suffers "irreparable injury" to the extent the City continues to deny Plaintiff's fee

waiver and the requested documents.[5] City's Opposition (Doc 16) at 6 (citing *Christopher Phelps & Assoc., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007); *Malibu Media, LLC v. Redacted*, 2016 WL 3668034 *4 (D.Md. Jul. 11, 2016); *Doe v. Salisbury Univ.*, 123 F.Supp. 3d 748, 770 (D.Md. 2015)). It is no response for the City to claim "[t]here can be no irreparable injury where, as here, the Plaintiff can easily pay the fee." *Id.* That is like saying a robbery causes no injury, because the victim can easily pay the robber.

For the same reason, "the remedies available at law are inadequate." *Id.* The City notes Plaintiff is also seeking a statutory penalty for the City's wrongful denial of Plaintiff's request. But even if Plaintiff is awarded the statutory penalty, the City still has not indicated that it will turn over the requested documents without charge absent a Court order (*i.e.*, an injunction). The purpose of the MPIA's statutory penalty, Md. Code, Gen. Prov. § 4-362(d)(3), clearly is to hold government agencies accountable for cavalierly disregarding legitimate fee waiver requests, as the City did here. But a statutory penalty is no substitute for actual production of the requested documents without charge where a fee waiver is warranted.

Because Plaintiff has amply "show[n] entitlement to a fee waiver," and the City continues to retain possession of the requested documents while the Plaintiff does not, the "balance of hardships" also favors Plaintiff. City's Opposition (Doc 16) at 7.

Lastly, the public interest clearly "would not be disserved by a permanent injunction" against the City's unlawful denials of MPIA fee waivers in the public interest. *Id.* at 6-7. While the City contends "there is no basis for assuming that any of Plaintiff's future MPIA requests pertaining to the subject matter at issue would automatically justify a fee waiver," Plaintiff has

---

[5] As Plaintiff has explained, Plaintiffs MSJ Brief (Doc 15) at 8-9, it is the City's continued attempt to suggest that it has produced a substantial number of the requested documents by referring Plaintiff to the City's website, City's Opposition (Doc 16) at 4, that "can hardly be taken seriously," *id.* at 6.

limited the request for prospective injunctive relief to the same activity involved in the original fee waiver request. To the extent that original request is determined to be in the public interest, it logically follows that future requests pertaining to the same subject matter and the same activity also will justify a fee waiver. Absent a permanent injunction, and in light of the City's evident bad-faith consideration of Plaintiff's original request, future requests are likely to require additional costly and time-consuming court fights. This certainly would not serve the public interest.

## CONCLUSION

For all of the foregoing reasons, this Court should grant partial summary judgment and permanent injunctive relief to Plaintiff on Count I.

Respectfully submitted,

Eric Wang
(Virginia State Bar No. 73511;
D.C. Bar No. 974038)
38 Maryland Avenue, Unit 515
Rockville, MD 20850
E-mail: 11cfrlaw@gmail.com
Tel.: (202) 681-7622
Fax: (419) 821-3260
*Pro se Plaintiff*

September 12, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2017, a copy of the foregoing Reply to Defendant's Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment and Permanent Injunctive Relief was mailed via first-class mail, postage prepaid to Daniel Karp, Esq., attorney for Defendant, at Karpinski, Colaresi & Karp, 120 E. Baltimore Street, Suite 1850, Baltimore, MD 21202.

Eric Wang