IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB -7 P 3: 1

ERIC WANG,

    Plaintiff,

v.

CITY OF ROCKVILLE

    Defendant.

Case No.: GJH-17-2131

## MEMORANDUM OPINION

*Pro Se* Plaintiff Eric Wang submitted a request for documents to the City of Rockville ("the City") on April 24, 2017 under the Maryland Public Information Act ("MPIA"), Md. Code Gen. Prov. §§ 4-101 *et seq*. The City collected the documents but denied Plaintiff's request to waive the associated fee. Plaintiff filed suit and claims that the City denied his fee waiver request in violation of MPIA (Count I) and the United States and Maryland Constitutions (Count II). Presently pending before the Court is the City's Motion for Summary Judgment, ECF No. 13, and Plaintiff's Cross Motion for Partial Summary Judgment and Permanent Injunctive Relief as to Count I, ECF No. 15. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following reasons, both motions are denied.

**I.    BACKGROUND**

On April 24, 2017, Plaintiff submitted a MPIA request to Louise Atkins, MPIA Coordinator for the Rockville, Maryland City Manager's Office, for records related to the City's management and use of automated traffic control systems, including red light and speed cameras. ECF No. 13-2. Following communications with Atkins on how to more efficiently narrow the

1

City's search parameters, Plaintiff submitted a revised MPIA request on May 4, 2017. ECF No. 13-6; *see also* ECF No. 13-3 ¶ 4, 13-4 ¶ 2. Upon receipt of the revised request, Atkins informed Plaintiff that pursuant to City policy, the City would search for and review responsive documents, including emails from city officials, but that the City would charge Plaintiff for the actual cost of its review beyond the first two hours of time incurred. ECF No. 13-7.

On May 11, Atkins informed Plaintiff that many of the requested documents were publically available on-line, including budget documents, speed and red light camera program goals, and public meetings, and provided the associated links. ECF No. 13-9. However, Atkins estimated that the City would need to spend four to five hours to perform a search of city officials' emails at a cost to Plaintiff of $125-250. *Id.* On May 19, the City informed Plaintiff that it would respond to his MPIA request by May 26, 2017 at an anticipated cost of $150.25, plus copying charges. ECF No. 13-10.

On May 21, Plaintiff requested a fee waiver, stating that his document request was in furtherance of the public interest. ECF No. 13-11. Plaintiff indicated that he intended to use the documents "for use in an op-ed regarding the proliferation of speed cameras and red light cameras in the metropolitan Washington, DC area," and provide the documents to the Maryland Drivers Alliance. ECF No. 13-11 at 2. Plaintiff further suggested that his MPIA request warranted a fee waiver because he intended to reveal details of government operations related to one of the City's major financial undertakings—not for a personal, private, or commercial purpose. ECF No. 13-11 at 2. Ultimately, Atkins, on behalf of the City, denied Plaintiff's fee waiver request, indicating that "[t]he City does not find that the reasons you offered are in the public interest and does not believe that a waiver is in order." ECF No. 13-12. The City further indicated that it had provided the two most expensive hours of its staff's search free of charge

2

and offered to provide the responsive documents in an electronic format to save Plaintiff copying charges. *Id.* Though correspondence between Plaintiff and the City occurred predominantly through Atkins, Cynthia Walters, Deputy City Attorney, was personally involved in evaluating and adjudicating Plaintiff's fee waiver request. ECF No. 13-3 ¶¶ 2, 3. In evaluating Plaintiff's fee waiver request, Walters consulted with both the City Attorney and the City Manager, who is also the official custodian of records. *Id.* ¶ 7.

Not satisfied with the City's response, Plaintiff filed suit in Montgomery County Circuit Court on June 12, 2017. ECF No. 2. The City filed a Notice of Removal on July 28, 2017, asserting that this Court has federal question jurisdiction over Count II pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Count I pursuant to 28 U.S.C. § 1367. ECF No. 1.

## II.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Thus, "[t]he party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)) (alteration in original).

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g., Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286

3

(2d Cir. 2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

## III. DISCUSSION

MPIA provides the public with the right to inspect public records of Maryland State and local government agencies, including the City, but the agency may charge a reasonable fee to search for, prepare, and reproduce the requested records. Md. Code Gen. Prov. § 4-206(b)(1). The agency may waive this fee if "after consideration of the ability of the applicant to pay the fee and other relevant factors, the official custodian determines that the waiver would be in the public interest." *Id.* § 4-206(e)(2)(ii).[1] While the public policies advanced by MPIA are virtually identical to that provided in the federal Freedom of Information Act ("FOIA"), *Action Committee for Transit, Inc. v. Town of Chevy Chase*, 145 A.3d 640, 648 (Md. Ct. Spec. App. 2016), only MPIA specifies that the ability of an applicant to pay is a relevant consideration in granting a fee waiver request. *Cf.* FOIA, 5 U.S.C. § 552(a)(4)(A)(iii) ("documents shall be furnished without any charge . . . if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requestor"). Plaintiff alleges that the City

---

[1] An agency's decision to deny a fee waiver may only be overturned if the decision, based on "not only the agency record, but also facts generated by pleadings, affidavit, deposition, answers to interrogatories, admission of facts, stipulations and concessions," was arbitrary and capricious. *Action Committee for Transit, Inc. v. Town of Chevy Chase*, 145 A.3d 640, 651 (Md. Ct. Spec. App. 2016).

4

denied his fee waiver in violation of both MPIA and the First Amendment of the U.S. Constitution. Because the Court's determination of Plaintiff's MPIA claim depends, in part, on his First Amendment claim, the Court will address Count II first.

### A. First Amendment Claim (Count II)

In Count II, Plaintiff alleges that the "City denied Plaintiff's fee waiver request because of the City's animus against Plaintiff's viewpoint and Plaintiff's expressed intention to use the requested documents in a manner critical of certain City government programs," in violation of the First Amendment of the Constitution and Article 40 of the Maryland Declaration of Rights. ECF No. 2 ¶ 21. As a general matter, government officials may not restrict speech solely based on the opinion or perspective of the speaker, and imposing financial burdens based on the content of the speech or viewpoint of the speaker runs afoul of the First Amendment. *See Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 828, 829 (1995).[2]

The City states that its fee waiver denial complied with MPIA and asserts that there is no evidence that the fee waiver request was denied based on the content of Plaintiff's speech. ECF No. 13-1 at 18–19[3]; *see also* ECF No. 13-3 ¶ 12 (Walters Affidavit). However, because Walters' affidavit indicates that she was not the sole decision-maker in denying Plaintiff's fee waiver request, Plaintiff argues that additional discovery is necessary to determine whether other participating City employees, including the City Attorney and City Manager, engaged in viewpoint discrimination. ECF Nos. 15-1 at 12; 15-2 (Rule 56 Declaration). Plaintiff is correct.

Plaintiff has not had an opportunity to discover additional evidence that may shed light on how the City Attorney or City Manager influenced Walters' decision, and whether they

---

[2] Article 40 of the Maryland Declaration of Rights is "'co-extensive' with the First Amendment, and is construed in pari materia with it." *Borzilleri v. Mosby*, 189 F. Supp. 3d 551, 557 (D. Md. 2016) (citing *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 648 F.3d 462, 468 n.3 (4th Cir. 2012)).
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

5

displayed any animus towards Plaintiff based on his planned use of the information. Walters' affidavit merely states that she consulted with the City Attorney and City Manager but sheds no light on the substance of these conversations. *See* ECF No. 13-3 ¶ 7. In addition, because MPIA provides that "the *official custodian* determines that the waiver would be in the public interest," Md. Code Gen. Prov. § 4-206(e)(2)(ii) (emphasis added), discovery from the City Manager may create a genuine issue of material fact sufficient to survive a motion for summary judgment. The City's motion for summary judgment on Count II must therefore be denied.

### B. MPIA Claim (Count I)

The City asserts that it properly concluded that a fee waiver was not in the public interest. The City believed that Plaintiff was able to pay the modest fee and that Plaintiff's anticipated op-ed piece and publication of the records by the Maryland Drivers Alliance would not result in "broad public dissemination" of the documents. ECF No. 13-1 at 15, 17. In its Cross Motion for Summary Judgment, Plaintiff also moves for summary judgment on Count I, arguing that the City's determination that his fee request was not in the public interest was improper because the City over-relied on Plaintiff's ability to pay the fee and ignored the statute's reference to "other relevant factors." ECF No. 15-1 at 4.

The Court is only aware of two Maryland courts reviewing an agency's fee waiver determination under Md. Code Gen. Prov. § 4-206(e)(2)(ii). In *Mayor and City Council of Baltimore v. Burke*, the Maryland Court of Special Appeals ruled that an agency's decision to deny a fee waiver based solely on the ability of the applicant to pay the fee, without considering "other relevant factors" or the public interest, was arbitrary and capricious. 506 A.2d 683, 688 (Md. Ct. Spec. App. 1986). Twenty years later, in *Action Committee for Transit, Inc.*, the same court found that an agency's decision to deny a fee waiver based predominately on the

6

applicant's prior criticism of that agency violated the First Amendment's prohibition on viewpoint discrimination and was therefore "clearly arbitrary and capricious." 145 A.3d at 653–54. Thus, if the City violated the First Amendment in denying Wang's fee waiver, the City's action cannot be upheld under MPIA. The Court cannot rule on whether the City impermissibly denied Plaintiff's fee waiver request without adjudicating Plaintiff's First Amendment claim. Therefore, both motions for summary judgment must be denied at this time.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 13, shall denied, and Plaintiff's Cross Motion for Partial Summary Judgment and Permanent Injunctive Relief, ECF No. 15, shall be denied. A separate Order follows.

Dated: February 7, 2018

_____
GEORGE J. HAZEL
United States District Judge