# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| ERIC WANG, | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-2131 |
| | * | |
| CITY OF ROCKVILLE, | * | |
| Defendant | * | |

## MEMORANDUM OPINION

The case arises from *pro se* Plaintiff Eric Wang's request to Defendant City of Rockville, Maryland (the "City") for documents pertaining to the City's red-light and speed camera program. Plaintiff filed this action in Montgomery County Circuit Court challenging the City's denial of a public interest fee waiver as contrary to the Maryland Public Information Act ("MPIA") and a violation of the First Amendment of the United States Constitution. Defendant removed the case to this Court and the parties filed cross-motions for summary judgment. The Court denied both motions, *see* ECF No. 19, the parties conducted discovery, and have now submitted renewed cross-motions for summary judgment, *see* ECF Nos. 23, 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Defendant's Motion for Summary Judgment on Count II of the Complaint is granted, and Count I is remanded to Montgomery County Circuit Court. Plaintiff's Motion is denied.

## I. BACKGROUND

On April 24, 2017, Plaintiff submitted an initial MPIA request for documents regarding the City's automated traffic enforcement systems. ECF No. 23-2. The City assisted Plaintiff in

narrowing his request, *see* ECF Nos. 23-3, 23-4, and he submitted a new MPIA request on May 4, 2017, ECF No. 23-6. The City responded that Plaintiff would be charged $150.25 for the request, constituting five hours of staff time, two of which would be provided free of charge. ECF No. 23-11. Plaintiff responded with a fee waiver request based on his belief that it related to matters "of the utmost public concern that the city's residents need and deserved to know."[1] ECF No. 2-3 at 3.[2] Specifically, he stated that he planned to distribute the documents to the Maryland Drivers Alliance and use the obtained materials in "an op-ed regarding the proliferation of speed cameras and red-light cameras in the metropolitan Washington, DC area." ECF No. 2-3 at 2. The City denied the request, explaining that it does "not find that the reasons [] offered are in the public interest and does not believe a waiver is in order." ECF No. 2-4 at 1. Plaintiff claims the denial violated both the First Amendment of the United States Constitution and the MPIA.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The burden is on the moving party to demonstrate that there exists no genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). To defeat the motion, the nonmoving party must submit evidence showing facts sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

---

[1] Md. Code Ann. General Provision § 4206 authorizes the official custodian of public records to charge a reasonable fee for searching for, preparing and reproducing an applicant's requested records. Pursuant to § 4206(e), "The official custodian may waive a fee under this section if: (1) the applicant asks for a waiver; and (2) (i) the applicant is indigent and files an affidavit of indigency; or (ii) after consideration of the ability of the applicant to pay the fee and other relevant factors, the official custodian determines that the waiver would be in the public interest."

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the exhibit and page numbers generated by that system.

## III. DISCUSSION

The First Amendment prohibits the imposition of financial burdens based upon the content of a person's speech. *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995). "It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Id*; *see also Planned Parenthood of S.C. Inc. v. Rose*, 361 F.3d 786, 795 (4th Cir. 2004) ("Discrimination can occur if [a] regulation promotes one viewpoint above others."). Plaintiff contends that the City denied his fee waiver because he planned to use the requested documents to criticize the City's traffic camera program. If proven, this allegation would constitute viewpoint discrimination barred by the First Amendment. *See Davison v. Randall*, 912 F.3d 666, 687 (4th Cir. 2019) ("Viewpoint discrimination is apparent, for example, if a government official's decision to take a challenged action was 'impermissibly motivated by a desire to suppress a particular point of view.'") (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 812-13 (1985)).

Plaintiff concedes he has discovered no emails or other internal communication among City staff suggesting the fee waiver was rejected due to his opposition to the traffic camera program. *See* ECF No. 25-1 at 17. But a plaintiff need not have direct evidence of viewpoint discrimination in order to survive summary judgment; indirect evidence can be sufficient. *See Jones v. Potter*, 488 F.3d 397, 407 (6th Cir. 2007).

Plaintiff contends that the City's acceptance of other comparable fee waiver requests is sufficient indirect evidence of discrimination against his viewpoint. But this argument is belied by the very record of requests he introduces. *See* ECF Nos. 25-7, 25-8. Plaintiff identifies twenty-seven comparable fee waiver requests, among them requests from legacy media organizations such as the Associated Press and the Washington Post, non-profit organizations

such as the American Civil Liberties Union of Maryland and Montgomery County Partners for Animal Well-being, and various individuals. Notably, two prior requests are from StopBigBrotherMD.org, the predecessor organization to the Maryland Drivers Alliance, and multiple other requests also concern the City's traffic camera program. *See* ECF No. 25-8 at 21-40, 53, 108. Like Plaintiff's request, many requests seek information that could be used to criticize city officials, including reimbursement logs for expenses made by the mayor and council members, *id*. at 5, employee grievance records, *id*. at 9-11, records relating to automatic license plate readers, *id*. at 17-20, and Rockville police officers' use of force, *id*. at 97. The City granted fee waivers in each of these cases, which sharply rebuts the notion that viewpoint discrimination is at issue here.

Plaintiff contends that the City's consideration of his ability to pay—absent a similar consideration for others who requested fee waivers—is evidence of viewpoint discrimination. But Plaintiff has not established that the City did not consider the ability of other requesters to pay. For one, Plaintiff has not pointed to any evidence as to the City's considerations in these comparator cases. Plaintiff's only support for his contention are emails the City sent granting the fee waivers to members of the media, non-profit organizations, and other individuals. But none of these emails contain any statements, one way or another, that establish the City's considerations when granting fee waiver requests. It is not reasonable to conclude that, because the City did not specifically ask a requester the extent to which they could afford to pay in an email, that the City did not consider ability to pay at all.

Additionally, Cynthia Walters, the Deputy City Attorney who evaluated Plaintiff's fee waiver request, explained that she knew that Plaintiff worked as an attorney for Wiley Rein LLP, a large law firm, and thus had "no reason to believe" that the $150.25 fee was beyond his ability

4

to pay. ECF No. 23-4 ¶ 11. Plaintiff has not offered any evidence that the City believed that those who were granted fee waivers had an equivalent or greater ability to pay than him. And where the Court could potentially infer a greater ability to pay, as in the case of The Washington Post, the greater public interest impact of the request provides the most reasonable explanation.

But most fatal to Plaintiff's First Amendment claim is the revelation that the City has granted fee waiver requests, on multiple occasions, to both an organization (StopBigBrotherMD.org) and an individual who also intended to criticize the traffic camera program. *See* ECF No. 25-8 at 21-40. Plaintiff contends that the City's decision to grant fee waiver petitions in these cases should have led them to do the same in his case. That may or may not be so, but generally uneven application of the City's standards does not, without more, establish that the City's rejection of Plaintiff's fee waiver petition was due to viewpoint discrimination. Plaintiff attempts to distinguish the grant of the fee waivers to StopBigBrotherMD.org because the organization did not specifically state that the requested documents would be used to criticize the City's traffic program. This distinction is unpersuasive, as it was likely safe to assume that an organization named StopBigBrotherMD.org did not plan to write in *favor* of the City's traffic program. Furthermore, the City had actual knowledge that the individual requesting traffic camera documents likely planned to be critical of that program. *See* ECF No. 25-8 at 28 (sharing link to an article in which the individual is described as finding "holes in systems" in Montgomery County). In short, the viewpoint does not appear to have been the difference between these comparators.

Finally, Plaintiff points to the City's Motion for Summary Judgment as evidence of viewpoint discrimination, arguing that it impermissibly criticizes "Plaintiff's expressed intention to use the requested documents in a way that defames certain government officials." ECF No.

5

23-1 at 6. But in general, "statements by counsel in briefs are not evidence." *Cochran v. Volvo Group N.A.*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013) (citing *INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984)). Therefore, the Court will not impute upon the City defense counsel's characterization of Plaintiff's use of the requested documents. And even if the Court were to impute the comments onto the City, it is clear from their context that counsel was simply paraphrasing its view of Plaintiff's allegations. ECF No. 23-1 at 7 ("*Plaintiff also alleged*, with no factual support, that the City denied the fee waiver request because of the City's supposed animus against Plaintiff's viewpoint and Plaintiff's expressed intention to use the requested documents in a way that defames certain government officials and automated traffic enforcement systems.") (emphasis added). Thus, this argument also fails.

Because Plaintiff has not offered sufficient evidence for a reasonable jury to conclude that the City engaged in viewpoint discrimination, Defendant's Motion for Summary Judgment on Plaintiff's First Amendment claim must be granted.

## IV. CONCLUSION

Because the Court grants summary judgment for Defendant on Plaintiff's only claim invoking a federal question, it declines to continue to exercise supplemental jurisdiction over Plaintiff's state law claim. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (courts "have an *inherent* power to remand removed State claims when the federal claims drop out of the case") (emphasis in original). The case is remanded to Montgomery County Circuit Court for further proceedings. A separate order shall issue.

Date: <u>March    22, 2019</u>　　　　　　　　　　　　　　/s/ _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge